In the Matter of PETER ROTH, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 25, 1991

## APPEARANCES OF COUNSEL

*Gary L. Casella (Gary D. Egerman* of counsel), for petitioner.

*Peter Roth,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the Special Referee sustained the four allegations of professional misconduct against the respondent. The petitioner has moved to confirm the report of the Special Referee and the respondent has moved to disaffirm the report.

Charge One alleged that the respondent converted escrow funds. Specifically, the respondent was retained to represent two individuals who were assigning their insider's rights to purchase a cooperative apartment. An assignment agreement, signed on or about February 17, 1988, required the respondent to hold $23,560 in escrow pending the occurrence of certain conditions. On February 17, 1988, the respondent deposited those funds into an account at Citibank entitled "Peter Roth, Attorney at Law, Special". On or about August 3, 1988, the respondent was notified in writing that all of the conditions had been met. Consequently, the respondent released $3,560 to his clients. The remaining $20,000 was not released by the respondent until in or about January 1989, despite repeated demands from his clients. The records of the respondent's escrow account reveal that between February 17, 1988 and October 1988, the balance in that account repeatedly fell well below the amount the respondent was required to be holding for his clients.

Charge Two alleged that the respondent failed to account for escrow funds entrusted to him. Specifically, on or about September 29, 1988, the respondent opened an account at Norstar Bank entitled "Peter Roth, Attorney, Escrow Account". On or about January 13, 1989, the respondent issued two checks, each in the amount of $10,795, from that account to his clients (Charge One). Those payments represented the balance of the funds the respondent was required to be holding in escrow, plus interest, for his clients. Between the time the account was opened and the time the funds were released, the balance in the account fell well below the amount the respondent was required to be holding in escrow. In fact, on October 31, 1988, the account was overdrawn by $18.87.

Charge Three alleged that the respondent failed to maintain a duly constituted escrow account and commingled client funds with his personal funds in his escrow account at Citibank.

Charge Four alleged that the respondent also failed to maintain a duly constituted escrow account and commingled client funds with his personal funds in his escrow account at Norstar Bank.

After reviewing all the evidence, we are in agreement with the report of the Special Referee sustaining all four charges of professional misconduct. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the

report of the Special Referee is granted and the respondent's motion to disaffirm the report is denied.

In considering an appropriate measure of discipline, we have taken into consideration the mitigating factors advanced by the respondent. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred forthwith.

MANGANO, P. J., THOMPSON, BRACKEN, KUNZEMAN and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Peter Roth is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent Peter Roth shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Peter Roth is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.